# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONNIE EUGENE WILLIAMS, | ) | |
| Petitioner, | ) | |
| v. | ) | CV416-324 |
| MARTIN ALLEN, Warden, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Ronnie Williams, currently incarcerated at Georgia State Prison in Reidsville, Georgia, once again (for at least the *eleventh* time) asks for habeas relief on his state criminal conviction despite the Court's unambiguous warning that further requests for recalculation of his sentence would not be entertained and would expose him to sanctions. *See Williams v. Owens*, No. CV412-019, doc. 4 (petitioner's *sixth* petition for habeas relief under 28 U.S.C. § 2254); *Williams v. Byson*, No. CV416-232, docs. 6 & 9 (petitioner's *third* petition under 28 U.S.C. § 2241). Earlier this year, the Court said this:

> Petitioner has wasted this Court's resources several times through the years with unmeritorious (and unauthorized) successive attempts at habeas relief from his state court conviction and sentence. *See Williams v. Owens*, No. 412CV019 (S.D. Ga. Mar. 28, 2012) (R&R recommending dismissal of his *fifth* § 2254 attempt).

*See also Williams v. State Board of Pardon and Paroles*, No. 408CV105 (S.D. Ga. Nov. 19, 2008); *Williams v. Barrow*, No. 405CV167 (S.D. Ga. Oct. 24, 2005); *Williams v. Johnson*, No. 403CV069 (S.D. Ga. Oct. 16, 2003); *Williams v. Johnson*, No. 402CV044 (S.D. Ga. Mar. 14, 2002); *Williams v. Smith*, No. 495CV176 (S.D. Ga. Aug. 4, 1995). And that is just in the Southern District of Georgia.

*Byson*, No. CV416-232, doc. 6 at n. 1; *see also Williams v. Toole*, CV414-088 (S.D. Ga. Oct. 7, 2015) (denying his *seventh* § 2254 petition on the merits).[1] Yet, petitioner returns again without authorization from the

---

[1] As discussed by this Court in (one of several) prior decisions on the merits:

> Williams is a serial burglar. In 1991, he was indicted on nine counts of burglary, three counts of entering an auto, and a recidivist count. He pled guilty to all charges and received a 15-year sentence (15 years for the burglary counts, to run concurrently to each other, and 5 years on the entering-an-auto counts, to run concurrently to each other and to the burglary counts). He was ultimately paroled on February 22, 1993.
>
> Williams wasted no time after his release from prison before reentering his life of crime. He was indicted in August 1993 for a burglary committed between March 14-16, 1993, and for another burglary on April 6, 1993. A jury found him guilty of the April 6 burglary, one count of theft by receiving, and one of obstruction of a police officer. On February 3, 1994, the state court sentenced him to one year for theft, one year for obstruction, and 20 years for burglary, all of which Williams was to serve "consecutive to Parole sentence now serving."
>
>> n.1 On March 24, 2000, the trial court issued a "corrected sentence" clarifying that it sentenced Williams to serve 20 years for burglary "consecutive to any sentence previously adjudged," one year for theft, and one year for obstruction, to run consecutively to each other and the 20 year burglary sentence, for a total of 22 years to serve.
>
> Shortly after the jury's verdict, his parole was revoked for the 1991 burglary and entering-an-auto convictions.

*Toole*, CV414-088, doc. 16 at 2-3 (internal cites omitted). Williams has since found it impossible to accept his "corrected sentence" -- despite several decisions on the

2

Eleventh Circuit and "[w]ithout so much as a hint that he has run his 28 U.S.C. § 2254 claims through this Court [*eight*] times before," to challenge the calculation and application of his state sentence. CV412-019, doc. 4 at 1.

"Before a second or successive application permitted by this section

---

merits indicating he should so do.

Each time in his § 2254 petitions (and § 2254 petitions disguised as § 2241 petitions), Williams challenges the same handful of things, in various combinations: the admission of fingerprint evidence, the admission of evidence of a prior burglary conviction (of which he had several) at trial, the "corrected sentence" entered by the trial court clarifying that his sentence for the 1994 burglary was not to begin until he finished the full sentence for his 1991 burglary, and the revocation of his parole for the 1991 burglary when he was convicted for the 1994 burglary. *See* No. CV416-232 (denied as successive claim that the "corrected sentence" denied him "credit" he is entitled to "without due process of law"); No. CV414-088 (denying on the merits claim that his sentences should run concurrently and that parole was unconstitutionally revoked); No. CV412-019 (denied as successive claims that the court erred by admitting evidence of fingerprints and prior conviction and that he was denied representation of counsel prior to entry of the "corrected sentence"); No. CV408-105 (denied as successive claim that the denial of parole at sentencing (somehow by the parole board, perhaps in collusion with, the trial court) violated due process); No. CV405-167 (transferred from the Northern District of Georgia, denied as successive that the trial court erred by admitting fingerprint evidence); No. CV403-069 (denied on the merits claim that the trial court's "corrected sentence" somehow violated due process and Fifth Amendment double jeopardy), *id.* at doc. 27 (mandate denying Certificate of Appealability because Williams "failed to make the requisite showing" under 28 U.S.C. § 22533(c)(2)); No. CV402-044 (denied as successive claims that the trial court erred by admitting evidence of fingerprints and prior conviction and that his "corrected sentence" did "not accurately reflect[ ] the oral sentence"); No. CV495-176 (denied on the merits challenge to sentence and admission of evidence), *id.* at doc. 32 (mandate denying Certificate of Probable Cause because Williams "has failed to make a substantial showing of the denial of a federal right."). *See also Williams v. Chatman*, No. 2013-HC-27-JS (Tatnall Super. Ct. Sept. 19, 2014) (denying writ of habeas corpus as to whether his sentences are consecutive); *Williams v. Chatman*, No. S15H0225 (Ga. Mar. 2, 2015) (denying certificate of probable cause to appeal).

3

is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Williams sought no such permission, this Court "is not at liberty to consider" his *eighth* § 2254 petition. *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012). Accordingly, his unauthorized successive § 2254 motion, which is otherwise meritless, should be **DISMISSED**.[2] And, pursuant to the Court's prior Order in CV416-232 (doc. 6), his motion for leave to proceed *in forma pauperis* is **DENIED**. Williams is **ORDERED** to pay the $5 filing fee within 14 days of this Order.

By "continuing to raise a claim that he is statutorily prohibited from pursuing" -- conduct that the Court cautioned him would be considered "vexatious litigation that warrant[s] some type of sanction," CV416-232, doc. 6 at 5[3] -- Williams has now crossed the sanctions line.

---

[2] Even assuming his petition was authorized procedurally, it is meritless substantively. Again, Williams raises the same arguments that were already rejected when dismissing his prior petitions. The Court need not restate that analysis at length in dismissing the instant petition; it need only adopt that analysis in this case. *See, e.g.,* CV416-088, doc. 16. Williams is not entitled to relief in this Court and his petition should be **DISMISSED**.

[3] That prior order quoted *Shivers v. United States*, 427 F. App'x 697, 700 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 321 (Oct. 3, 2011), which imposed sanctions against a vexatious habeas litigant who, after denial of his writ of habeas corpus, filed nine

4

Given the persistence of his abuse, even in the face of the Court's cautionary warning, a $500 sanction (to be collected from his prison account) should now be imposed.[4] *Miller v. Williams*, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (imposing $500 sanction against abusive habeas filer), *adopted* 2011 WL 2181628 (S.D. Ga. Jun. 2, 2011); *Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (imposing, *inter alia,* a $500 sanction on a pro se inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting a special procedure where any future collateral attack filings "will be *deemed* rejected, without the need for judicial action, unless the court orders otherwise.") (applied in *United States v. Hall*, CV493-045, doc. 21 (S.D. Ga. Mar. 21, 2010) (imposing $200 sanction against serial habeas filer and instituting a special review procedure for any future filings)).

---

post-conviction motions and petitions, six of which sought to challenge validity of his conviction, despite repeated instructions that his claim was statutorily prohibited unless he was granted permission to raise it in a successive habeas motion. 427 F. App'x 697.

[4] The Clerk is **DIRECTED** to E-Serve this ruling upon Georgia's Attorney General, who is asked to assist in serving this Report and Recommendation, along with any adoption order and judgment, upon the prison account custodian for this petitioner. The custodian shall immediately remit the $5 filing fee, then set aside 20% of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the $500 sanction has been paid.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing § 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  15th  day of December, 2016.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA